No. 83-402

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

ARLENE MAE BRUNS,

       Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Anthony F. Keast argued, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Kimberly A. Kradolfer argued, Asst. Atty. General
Robert L. Deschamps, County Attorney, Missoula,
Montana

Submitted: September 12, 1984

Decided: November 20, 1984

Filed: NOV 21 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court:

Defendant Arlene M. Bruns was convicted in a nonjury trial in Missoula County District Court on three counts of driving under the influence (DUI) and one count of driving while her license was suspended. She was sentenced to 1 year in the county jail with 2 months suspended on each DUI count and 30 days for driving while her license was suspended. The court ordered all sentences to be served concurrently. Defendant appeals the judgment. We affirm.

Defendant raises the following issues:

1.   Is defendant's 10-month county jail sentence cruel and unusual punishment or a denial of equal protection because it is not proportional to the offenses committed compared with sentences served in the state prison?

2.   Whether requiring time to be served in the county jail is unconstitutional because conditions at the jail constitute cruel and unusual punishment?

3.   Is the mandatory minimum jail sentence for DUI convictions invalid as a violation of the separation of powers between the judicial and legislative branches?

4.   Is the DUI statute unconstitutionally vague?

On October 25, 1982 defendant was driving northbound on Highway 93 south of Missoula at Carlton Creek Road when she crossed the left turn lane and the center line and struck the front of a vehicle. The car which was struck had stopped part way into the intersection while several horses were being driven across the highway from the Carlton Creek Road. Southbound traffic had slowed for the horses to cross, and visibility was good from both directions. Defendant explained at trial that she had been drinking and had become "disoriented" and "wasn't in control." Defendant was arrested for DUI.

On December 1, 1982 deputy sheriff Steven Peterson stopped defendant for speeding. She was driving 68 m.p.h. in a 45 m.p.h. speed zone. The officer smelled alcohol on her breath, noted her slurred and confused speech, and arrested her for driving under the influence and driving while her license was suspended. The breathalyzer test taken at the that time indicated a blood-alcohol level of 0.129 percent.

On January 10, 1983 defendant was apprehended near the Bonner exit after she had driven 14 miles eastbound in the westbound lane of Interstate 90. Officer Jerry Rogers of the Montana Highway Patrol detected a strong odor of alcohol and had to assist defendant to keep her from falling. Defendant was arrested for DUI.

Defendant was charged with four separate offenses: three counts of driving under the influence (DUI) and one count of driving while her license was suspended. All of the DUI counts were filed in District Court as "high misdemeanors" because defendant had been convicted of DUI twice within the previous 5-year period. The charge of driving while her license was suspended was filed with them. The four charges were consolidated for trial and a nonjury trial was held on June 10, 1983. Defendant was convicted on all four charges.

After ordering, receiving and considering a presentence report, the court conducted a sentencing hearing. The prosecutor recommended one year with six months suspended on each DUI conviction, 30 days on the conviction driving while license was suspended and imposition of conditions during the suspension period. Defense counsel argued against incarceration and for alcoholism treatment. The defendant made a statement to the court claiming to be aware of her drinking problem, claiming to be on her way to reformation, and informing the court she had successfully completed an alcohol treatment program at St. Patrick's Hospital in Missoula.

Based upon defendant's extensive record of driving under the influence and her dangerousness, the District Court imposed a stiffer sentence than recommended by the prosecutor: one year in the Missoula County Jail with 2 months suspended on each DUI count, 30 days on the charge of driving while her license was suspended and various conditions of suspension. The court ordered that the sentences run concurrently.

I

Is defendant's 10-month county jail sentence cruel and unusual punishment or a denial of equal protection because it is not proportionate to the offenses committed compared with sentences served in the state prison?

Defendant raises several arguments in challenge to the length of her sentence. She first argues that her sentence is greater than would actually be served by a state prison inmate for a more serious offense because county jail inmates are not entitled to statutory good time allowance or parole eligibility as state prison inmates are. She contends that her sentence is therefore unconstitutionally disproportionate to the offenses committed. We disagree.

A sentence which falls within the maximum authorized by statute is not cruel and unusual punishment. State v. Karathanos (1972), 158 Mont. 461, 468-69, 493 P.2d 326, 330. However, if the sentence is so greatly disproportionate to the crime that it shocks the conscience and outrages the moral sense of the community or of justice, it is nonetheless cruel and unusual punishment. Matter of Jones (1978), 176 Mont. 412, 420, 578 P.2d 1150, 1154. Defendant has the burden of proving her sentence is within the exception. Id.

The nature of crimes committed by defendant is a weighty factor in this analysis. The United States Supreme Court recently expressed its outrage at the crime of drunk driving

4

and the "carnage caused by drunk drivers." South Dakota v. Neville (1983), 459 U.S. 553, 558, 103 S.Ct. 916, 920, 74 L.Ed.2d. 748, 755; see also Burg v. Municipal Court (1983), 198 Cal.Rptr. 145, 146-47, 673 P.2d 732, 734. These courts have recognized that drunk drivers have cut a wide swath of death and destruction nationwide. We note that Montana has also suffered the effects of this national tragedy.

The Defendant's driving history is also particularly significant. Defendant has an extensive record of DUI convictions and license revocations or suspensions for refusal to take a breath test. She has demonstrated that she is a hazard to the people of Montana. This was a key factor in the length of sentence imposed by the District Court. The court listened to the testimony, considered the presentence report, and considered defendant's claim that she had completed an alcohol treatment plan and was on her way to reform. The court obviously was not convinced that defendant was no longer a danger to the public. The presentence report showed that defendant had previously completed several alcohol treatment programs but nonetheless continued to drive drunk. The court concluded that protection of the public required incarceration of defendant.

The trial court is vested with wide discretion in fixing punishment. Karathanos, 158 Mont. at 469, 493 P.2d at 330. Further, "'[p]ersistence in crime and failure of earlier discipline effectively to deter or reform justify more drastic treatment . . ..'" State v. Maldonado (1978), 176 Mont. 322, 330, 578 P.2d 296, 301, quoting Pennsylvania ex rel. Sullivan v. Ashe (1937), 302 U.S. 51, 54-55, 58 S.Ct. 59, 61, 82 L.Ed. 43, 46. The District Court did not abuse its discretion in imposing a 10-month sentence, particularly in light of the fact that the court could have imposed on defen-

5

dant a jail sentence of more than 3 years by requiring the sentences to be served consecutively.

Under these circumstances, defendant's 10-month sentence does not shock the conscience or outrage the moral sense of the community or justice. The fact that defendant, as a county jail inmate, is not entitled to good time or parole does not alter this conclusion. It is within the province of the legislature to distinguish between criminal offenses and to establish punishments. See Gore v. United States (1958), 357 U.S. 386, 393, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405, 1410-11. It is also within the legislature's province to determine matters related to sentencing, such as application of statutory good time and parole benefits.

We hold that defendant's 10-month jail sentence does not shock the conscience or outrage the moral sense of the community or justice, and does not constitute cruel and unusual punishment.

Defendant also suggests that denial of good time and parole eligibility to county jail inmates is a denial of equal protection. We disagree.

The legislature is free to discriminate on a rational basis in treatment of different classes of criminal offenders, so long as such different treatment is not based upon any impermissible classification such as race, sex or religion. See Maldonado, 176 Mont. at 328-29, 578 P.2d at 300; McGinnis v. Royster (1973), 410 U.S. 263, 269-78, 93 S.Ct. 1055, 1059-63, 35 L.Ed.2d 282, 288-93. The good time and parole eligibility rules have been devised to rationally address the special problems of rehabilitation and management of a large prison population. These benefits are not selectively endowed on the basis of any impermissible classification. Their denial to all DUI offenders, who are statutorily

6

required to serve their time in the county jail, section 61-8-714, MCA, does not violate the equal protection clause.

In a related argument, defendant contends that section 53-24-303(2), MCA requires that she be given alcohol treatment rather than criminal punishment. However, her argument is clearly unfounded in light of Solberg v. County of Yellowstone (Mont. 1983), 659 P.2d 290, 40 St.Rep. 308. Section 53-24-303(2), MCA provides for treatment of persons incapacitated by alcohol. In Solberg this Court distinguished persons "whose only fault is an affinity for alcohol" from those arrested for DUI. This Court stated that section 53-24-303(2), MCA is not intended to protect those who have committed criminal acts. Solberg, 659 P.2d at 293, 40 St.Rep. at 312. While treatment of alcoholism is desirable, it is not, as appellant argues, required instead of criminal punishment for one convicted of DUI.

Defendant also argues in this regard that her sentence violates the Montana Constitution in failing to provide for her rehabilitation.

Montana's Constitution, art. II, section 28, requires laws for punishment of crime to be founded on the principles of prevention and reformation. Defendant's sentence furthers the prevention principle through incarceration -- defendant is prevented from drunk driving during the 10 months of her incarceration and presumably discouraged from further drunk driving by the prospect of more incarceration if she repeats the offense. Appellant's sentence addresses the reformation principle through ordering her to attend counseling as required by the probation office, ordering her to abstain from the use of alcohol, and providing avoidance of further incarceration as an incentive to reform. This constitutional requirement has been satisfied here.

7

Defendant has shown no abuse of discretion or constitutional violation with respect to her 10-month county jail sentence.

II

Defendant raises 3 additional issues which we decline to address for the following reasons.

Defendant argues that imprisonment in the Missoula County Jail is cruel and unusual punishment because of the conditions allegedly existing there. This issue was not raised in the District Court. This Court will not review matters raised for the first time on appeal. State v. Trangsrud (Mont. 1982), 651 P.2d 37, 40, 39 St.Rep. 1765, 1768. Further, the record contains absolutely no evidence regarding conditions existing at the Missoula County Jail. "Appeals can only be taken on the record made, not on the record which should have been made." State v. Totterdell (1959), 135 Mont. 56, 61, 336 P.2d 696, 699. In the absence of any record regarding conditions at the Missoula County Jail, we will not rule on whether confinement therein constitutes cruel and unusual punishment.

Defendant argues that the mandatory minimum jail sentence for DUI convictions is invalid as a violation of the separation of powers between the judicial and legislative branches. However, this statutory provision was not applied to defendant, whose sentence far exceeds the mandatory minimum. She therefore lacks standing to challenge this provision. We have previously declined to address alleged constitutional violations where the statute complained of was not applied to the complainant. In State v. Goodwin (Mont. 1984), 679 P.2d 231, 41 St.Rep. 508, this Court declined to address two alleged constitutional errors because the appellant was not subjected to the errors he complained of. One of the errors alleged by Goodwin concerned exceptions to

8

mandatory minimum sentences.  679 P.2d at 235, 41 St.Rep. at 513.  Similarly, defendant here has not been affected by the constitutional infirmity she alleges and we will not address this issue.

Finally, defendant contends that the DUI statute is unconstitutionally vague because the presumption of intoxication at 0.10% blood-alcohol level fails to provide an acceptable means of knowing when drinking and driving becomes criminal.

The State correctly notes that defendant did not raise this issue at the trial court level.  This Court will not review a matter raised for the first time on appeal.  Trangsrud, supra.  Further, a review of the transcript shows that the State did not rely upon blood-alcohol level to convict defendant.  A breath test was taken in only one of the three DUI arrests at issue.  In all three cases, the defendant's behavior, breath odor and other characteristics of intoxication were proven at trial.  Defendant herself testified that when she was arrested for the DUI charge where a breath test was taken, she had been drinking and was disoriented.  Thus, the statute complained of was not applied to defendant and this Court will not address this issue.  Goodwin, supra.

The District Court's judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

9

_____

_A. C. Sutherland,_

_Frank B. Morrison_

_John C. Sheehy_

Justices