THE STATE, EX REL. FULLER, APPELLANT, *v.* WILSON, DIRECTOR, OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, APPELLEE.

[Cite as State, ex rel. Fuller, *v.* Wilson (1991), 60 Ohio St. 3d 67.]

(No. 90-1769—Submitted March 12, 1991—Decided May 29, 1991.)

*Johnny Ray Fuller, pro se.*

*Per Curiam.* Prior to the time appellant began to serve his fifteen-years-to-life sentence, but while he was serving his mandatory three-year term of actual incarceration for his firearm specification conviction, R.C. 2967.19 (A) was amended. (142 Ohio Laws, Part II, 3115, effective November 1, 1987.) It now provides that all prisoners are to receive a thirty percent reduction regardless of the type of institution in which they are incarcerated.

Appellant argues that since he received the sentence before the

amendment of R.C. 2967.19(A), his good time credit should be calculated under the prior statute.

The legislative intent is made clear in R.C. 2967.192(B), which provides in pertinent part:

"* * * However, if on November 1, 1987, the person is serving one or more terms of imprisonment for offenses committed before November 1, 1987, the provisions of section 2967.19 of the Revised Code, as amended effective November 1, 1987, apply only in relation to the portion of the term or terms served on or after November 1, 1987, and the diminution of the person's minimum or definite term for good behavior or for obeying the rules of the institution in which he is incarcerated in relation to the portion of the term or terms served prior to November 1, 1987, shall be governed by division (A) of this section."

Appellant's situation is analogous to the one contemplated above. If a prisoner's sentence overlaps into the period in which the new statute takes effect, that prisoner is subject to the new good time credit. By analogy, if a prisoner whose sentence has already begun is now subject to the new criteria for calculating good time credit, then appellant, who had yet to begin his sentence of fifteen years to life, is also subject to the new criteria.

Accordingly appellant has failed to prove "* * * '(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.' * * *" (Citations omitted.) *State, ex rel. Berger*, v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29, 6 OBR 50, 51, 451 N.E. 2d 225, 227.

The judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.