No. 93-332

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

CITY OF BILLINGS, MONTANA,

       Plaintiff and Respondent,

-vs-

GILBERT BELGARDE,

       Defendant and Appellant.

FILED

JUL 2 6 1994

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Gilbert Belgarde, Box Elder, Montana, Pro Se

       For Respondent:

           Hon. Joseph P. Mazurek, Attorney General,
George Schunk, Assistant Attorney General,
Helena, Montana

           Mary Jane McCalla, City Attorney's Office,
Billings, Montana

Submitted on Briefs:  June 24, 1994

Decided:  July 26, 1994

Filed:

_____
Clerk

Chief Justice J.A. Turnage delivered the Opinion of the Court.

Gilbert Belgarde appeals from his conviction of driving under the influence of alcohol (DUI) in violation of § 61-8-401, MCA. We affirm the decision of the District Court for the Thirteenth Judicial District, Yellowstone County.

Belgarde contends that his constitutional rights were violated when a blood sample was taken from him while he was unconscious, that the District Court improperly denied his motion to reschedule his trial date, and that the imposition of jail time for a DUI offense constitutes cruel and unusual punishment.

Belgarde was charged with DUI after a Billings, Montana, city police officer found him unconscious behind the steering wheel in a vehicle which had crashed into a guardrail on a dead end street. Belgarde, who had been injured in the crash, was taken to a hospital. A blood test administered at the hospital showed a blood alcohol level of .24.

As pointed out in the State's brief, the constitutionality of Montana's implied consent law has been upheld in prior decisions of this Court. State v. Rumley (1981), 194 Mont. 506, 509, 634 P.2d 446, 448; State v. Deshner (1971), 158 Mont. 188, 192-93, 489 P.2d 1290, 1292-93. Under the implied consent law, a peace officer who has reasonable grounds to believe a person has been driving while under the influence of alcohol is not required to obtain that person's consent before obtaining a blood test, if the person is unconscious or otherwise incapable of giving consent. See § 61-8-

2

402(2), MCA.

The State further points out that a decision to grant or deny a continuance lies within the discretion of the trial court. In his written motion asking the District Court to reschedule his trial, Belgarde failed to set forth any reasons in support of the motion. The trial transcript demonstrates that, in his oral discussion with the court prior to trial, Belgarde stated, as he does on appeal, that he wished to call an additional witness. The court explained to Belgarde that it was his duty to subpoena witnesses. Belgarde then withdrew his motion. This issue has therefore been waived.

Belgarde was sentenced to serve six months in jail, with all but seven days of that sentence suspended. We have previously rejected the argument that a sentence including jail time constitutes cruel and unusual punishment, per se, for a DUI offense. State v. Bruns (1984), 213 Mont. 372, 377-79, 691 P.2d 817, 820-21. Nor is the sentence imposed here, for a second offense DUI, so greatly disproportionate to the crime as to shock the conscience and outrage the moral sense of the community or of justice. We hold that Belgarde has not demonstrated that he has suffered cruel and unusual punishment.

The decision of the District Court is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result

3

to Montana Law Week, State Reporter and West Publishing Company.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

4

July 26, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Gilbert Belgarde
Rocky Boy Route Box 1125
Box Elder, MT 59521

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

Mary Jane McCalla
City Attorney's Office
P.O. Box 1178
Billings, MT 59103-1178

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy