[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 350.]

ADKINS, APPELLANT, *v.* MCFAUL, WARDEN, APPELLEE.

[Cite as *Adkins v. McFaul*, 1996-Ohio-388.]

*Criminal law—Inmates serving sentences in county jails are not entitled to good-time credit comparable to that received under former R.C. 2967.19(A) for confinement in a state correctional institution.*

(No. 96-658—Submitted July 10, 1996—Decided August 21, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 70210.

————————————

{¶ 1} According to appellant, Jackie Adkins, he was sentenced to two consecutive terms of six months for misdemeanor convictions of vehicular homicide and driving while under the influence of alcohol. Adkins served the sentence in the Cuyahoga County Jail in the custody of respondent, Cuyahoga County Sheriff Gerald T. McFaul. In February 1996, prior to the expiration of his one-year sentence, Adkins filed a petition for a writ of habeas corpus in the Court of Appeals for Cuyahoga County. Adkins claimed that he was entitled to immediate release because he should have received good-time credit for his time served in county jail. The court of appeals *sua sponte* dismissed the petition.

{¶ 2} The cause is now before this court uoon an appeal as of right.

————————————

*Paul Mancino, Jr.,* for appellant.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *George J. Sadd*, Assistant Prosecuting Attorney, for appellee.

————————————

***Per Curiam.***

{¶ 3} As a preliminary matter, it appears that Adkins's one-year jail term has been completed. He states in his petition that "his release date for a full service

of one [1] year in jail is June 7, 1996." Ordinarily when there is no case in controversy, there will be no appellate review unless the underlying legal issue is capable of repetition yet evading review. *State v. Bistricky* (1990), 51 Ohio St.3d 157, 158-159, 555 N.E.2d 644, 645; *State ex rel. Fenley v. Kyger* (1995), 72 Ohio St.3d 164, 165, 648 N.E.2d 493, 494. The issue involved in this appeal is whether inmates serving sentences in county jails are entitled to good-time credit comparable to that received under former R.C. 2967.19(A)[1] for confinement in a state correctional institution. This issue is a matter of public importance which has never been addressed by this court. In addition, given the relatively brief sentences involved for persons confined in county jails, the good-time credit issue is capable of repetition yet could evade review by this court. Therefore, we now proceed to consider the merits of this appeal rather than dismiss it as moot.

{¶ 4} Adkins contends that the court of appeals erred in dismissing his habeas corpus petition. In order to avoid dismissal, a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief. *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 187, 652 N.E.2d 746, 748. Unsupported conclusions of the petition are not considered admitted and are insufficient to withstand a motion to dismiss. *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 668, 590 N.E.2d 744, 746, fn. 5.

{¶ 5} Adkins claims that he was entitled to a writ of habeas corpus compelling his immediate release from county jail after he had served seventy percent of his one-year term in February 1996. Habeas corpus is available when an individual's maximum sentence has expired and he is being held unlawfully. *Morgan v. Ohio Adult Parole Auth.* (1994), 68 Ohio St.3d 344, 346, 626 N.E.2d 939, 941.

---

1. This statute has been repealed by the General Assembly effective July 1, 1996.

**{¶ 6}** Former R.C. 2967.19(A) provided a deduction of thirty percent of a minimum or definite sentence for a person confined in a state correctional institution "prorated for each month of the sentence during which he faithfully has observed the rules of the institution." See, also, *State ex rel. Fuller v. Wilson* (1991), 60 Ohio St.3d 67, 573 N.E.2d 595. Adkins concedes that the R.C. 2967.19(A) good-time credit provision is limited by the General Assembly to persons confined in state correctional institutions, which do not include persons confined in county jails. See R.C. 2967.01(A) ("'State correctional institution' includes any institution or facility that is operated by the department of rehabilitation and correction and that is used for the custody, care, or treatment of criminal, delinquent, or psychologically or psychiatrically disturbed offenders.").

**{¶ 7}** Adkins asserts that persons confined in county jails are denied equal protection and due process by not being awarded R.C. 2967.19(A) good-time credit as are persons confined in state correctional institutions. The standard for determining if a statute violates equal protection is similar under state and federal law. *State v. Thompkins* (1996), 75 Ohio St.3d 558, 561, 664 N.E.2d 926, 929. Since this case involves neither a fundamental right nor a suspect class, the statutory classification must be upheld if it bears a rational relationship to a legitimate governmental interest. *Adamsky v. Buckeye Local School Dist.* (1995), 73 Ohio St.3d 360, 362, 653 N.E.2d 212, 214. Analogously, if the classification created by R.C. 2967.19(A) is rationally related to its legislative purpose, there is no substantive due process violation. *Thompkins,* 75 Ohio St.3d at 560-561, 664 N.E.2d at 928-929.

**{¶ 8}** In *McGinnis v. Royster* (1973), 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282, the Supreme Court of the United States held that a New York statute denying certain state prisoners good-time credit for parole eligibility for the period of presentence county jail incarceration did not violate equal protection. In so holding, the court stated:

"As the statute and regulations contemplate state evaluation of an inmate's progress toward rehabilitation, in awarding good time, it is reasonable not to award such time for pretrial detention in a county jail where no systematic rehabilitative programs exist and where the prisoner's conduct and performance are not even observed and evaluated by the responsible state prison officials.  *** In short, an inmate in county jail is neither under the supervision of the State Correction Department nor participating in the State's rehabilitative programs.  Where there is no evaluation by state officials and little or no rehabilitative participation for anyone to evaluate, there is a rational justification for declining to give good-time credit."  (Footnotes omitted.)  *Id.*, 410 U.S. at 271-273, 93 S.Ct. at 1060-1061, 35 L.Ed.2d at 290.

**{¶ 9}** Although *McGinnis* involved pretrial detention, its rationale has also been applied to postsentence detention.  *State v. Bruns* (1984), 213 Mont. 372, 691 P.2d 817; *Garfield v. Todd* (Oct. 26, 1987), Geauga App. No. 1429, unreported, 1987 WL 19485.  Adkins does not assert any participation by county jails in the rehabilitative programs in state correctional facilities.  As the Montana Supreme Court held in *Bruns, supra*, at 379, 691 P.2d at 821:

"The legislature is free to discriminate on a rational basis in treatment of different classes of criminal offenders, so long as such treatment is not based upon any impermissible classification such as race, sex or religion.  *** The good time and parole eligibility rules have been devised to rationally address the special problems of rehabilitation and management of a large prison population.  These benefits are not selectively endowed on the basis of any impermissible classification.  Their denial to all DUI offenders, who are statutorily required to serve their time in county jail, Section 61-8-714 MCA, does not violate the equal protection clause."

**{¶ 10}** Similarly, pursuant to R.C. 2929.221, most misdemeanants like Adkins and certain felony offenders must be sentenced to jails which are not state

4

correctional facilities. It is within the province of the General Assembly to determine applicability of good-time credit to various categories of crimes. See, *e.g., Bruns, supra*, at 378, 691 P.2d at 821. The General Assembly could reasonably conclude that most misdemeanants require less rehabilitation than inmates confined to state prison for more serious crimes. *McGinnis,* 410 U.S. at 274, 93 S.Ct. at 1061, 35 L.Ed.2d at 291. It could further rationally determine that misdemeanants like Adkins should not be granted good-time credit because such credit merely constitutes an inducement to rehabilitation, which is not as important a confinement purpose in county jail as in state prison. See, *e.g., Garfield, supra*. Therefore, the General Assembly had a rational basis for treating certain classes of prisoners differently from others for purposes of good-time credit. There is no violation of equal protection or due process. Adkins's allegations of entitlement to good-time credit were insufficient to withstand dismissal.

{¶ 11} In addition, Adkins's petition was fatally defective and subject to dismissal because he failed to attach a copy of his alleged commitment as required by R.C. 2725.04(D). *Wright v. Ghee* (1996), 74 Ohio St.3d 465, 467, 659 N.E.2d 1261, 1263; *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 145-146, 602.

{¶ 12} Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____