DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Shannon Collins appeals his convictions of aggravated robbery and kidnapping, including a firearm specification. We affirm.
 I.
Collins and two co-defendants were involved in a robbery at a McDonald's restaurant in Elyria. Collins waited outside in the get-away car, while the two co-defendants entered the restaurant. One of the co-defendants used a firearm to threaten McDonald's staff and patrons during the robbery. As a result, Collins was charged with robbery and kidnapping, including a firearm specification pursuant to R.C. 2941.145.
R.C. 2941.145 imposes a mandatory three-year prison term when:
 the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense.
The firearm specification was based on Collins' actions in aiding and abetting the co-defendant who actually possessed the firearm.State v. Chapman (1986), 21 Ohio St.3d 41, syllabus (holding that a firearm specification must be imposed regardless of whether the defendant was the principle offender or an unarmed accomplice).
Collins was seventeen years old at the time he was charged, therefore, he was initially brought before the juvenile court. The state requested that Collins be bound over to the common pleas court to be tried as an adult. Specifically, the state alleged that, because of the firearm specification, bindover was mandatory pursuant to R.C. 2151.26(B)(4)(b), which requires bindover when:
 The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.
A transfer of jurisdiction hearing was held and Collins was bound over. Collins eventually plead no-contest to the charges.
On appeal, Collins' arguments center on the propriety of the bindover.
 II.
Collins' first assignment of error states:
 DENIAL OF AN AMENABILITY HEARING FOR ALL JUVENILES IS A VIOLATION OF BOTH DUE PROCESS AND EQUAL PROTECTION AND IN PARTICULAR THE CONCLUSIVE PRESUMPTION OF CERTAIN STATUTORY ELEMENTS VIOLATED DUE PROCESS FOR THIS JUVENILE.
Initially, it should be noted that "all statutes are presumed constitutional. The party challenging the statutes bears the burden of proving otherwise." State v. Thompkins (1996), 75 Ohio St.3d 558,560.
Collins' equal protection argument is that juveniles who use firearms to commit violent crimes are "subject to a greater burden than others" because they are denied the opportunity for juvenile rehabilitation. However, Collins does not claim that this group is a suspect class or that a fundamental right is involved. Therefore, R.C. 2151.26(B)(4)(b) need only bear a rational relationship to a legitimate governmental interest. Adkins v.McFaul (1996), 76 Ohio St.3d 350, 351.
Additionally, Collins argues that mandatory bindover violates due process because it deprives certain juveniles of a hearing to determine whether they would be amenable to care or rehabilitation in a juvenile facility. However, Collins fails to indicate whether this is a substantive or procedural due process challenge. Because an amenability hearing has been characterized as a substantive right, In re Langston (Mar. 3, 1997), Stark App. No. 1996 CA 00313, unreported, we will treat this as a substantive due process challenge. Again, because Collins does not claim that the right to an amenability hearing is a fundamental right, R.C.2151.26(B) need only be rationally related to its legislative purpose. Adkins, supra.
Because the rational relationship test for the equal protection challenge is similar to the rational relationship test for the substantive due process challenge, we will address both simultaneously. See id. at 353.
The obvious purpose of this legislation is to protect society and reduce violent crime by juveniles. Singling out the most dangerous and violent juvenile offenders, those who use firearms, for adult treatment is rationally related to this legitimate governmental purpose. Therefore, Collins' substantive due process and equal protection challenges are denied.
Additionally, Collins makes one other due process argument — that he was deprived of due process because it was conclusively presumed that he used a gun without any offer of proof by the state. However, Collins failed to submit a transcript of the probable cause hearing for our review. Absent a transcript, we must presume that the proceedings below were proper. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
Assignment of error number one is overruled.
 III.
Collins' second assignment of error states:
 WHERE STATUTORY LANGUAGE IS UNAMBIGUOUS, IT MUST BE INTERPRETED GIVING THE WORDS THEIR USUAL AND CUSTOMARY MEANING.
 Collins first argues that because he had been charged with a firearm specification, the trial court improperly presumed that R.C. 2151.26(B)(4)(b) was satisfied without any offer of proof by the state. However, as noted previously, Collins failed to provide us with a transcript of the probable cause hearing. Absent a transcript we must presume the regularity of the proceedings below. Knapp, supra.
Collins also argues that in the context of this case, R.C.2151.26(B)(4)(b) could not have been satisfied. Collins argues, and the state admits, that Collins never actually possessed a firearm during the commission of the robbery. Instead, Collins' gun specification is based on his actions in aiding and abetting the co-defendant who actually possessed the firearm. See Chapman,supra. Collins argues that R.C. 2151.26(B)(4)(b) is a civil statute and should not be read to include the criminal concept of complicity, whereby an accomplice is liable to the same degree as the principle. Collins argues that R.C. 2151.26(B)(4)(b) should be interpreted to require that the juvenile offender actually possess and use the firearm, and not just aid or abet a co-defendant who did.
However, this argument has already been rejected in State v.Davis (Oct. 3, 1997), Clark App. No. 96 CA 116, unreported. InDavis, Davis and his co-defendant, Dixon, accosted two young boys. Dixon held a handgun to the head of one of the boys, while Davis physically restrained the other. Davis and Dixon were both charged with two counts of aggravated robbery, including firearm specifications, and were bound over to the common pleas court pursuant to R.C. 2151.26(B)(4)(b). Davis challenged the bindover, arguing that he never had control over the firearm that was used by Dixon. The Davis court rejected this argument, noting that Davis had aided and abetted Dixon. See, also, 1997 Ohio Atty.Gen.Ops. No. 97-014 (advising that "[i]f the charge of a particular offense would invoke the mandatory bindover provisions of R.C. 2151.26, then the charge of complicity in that offense, pursuant to R.C. 2923.03, would also invoke those mandatory bindover provisions").
Appellants second assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
REECE, J.
DICKINSON, J., CONCUR