OHIO PATROLMEN'S BENEVOLENT ASSOCIATION, Appellee,

v.

McFAUL, Cty. Sheriff, et al., Appellants.

[Cite as *Ohio Patrolmen's Benevolent Assn. v. McFaul* (2001), 144 Ohio App.3d 311.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78367.

Decided June 18, 2001.

*S. Randall Weltman* and *Mark J. Volcheck,* for appellee Ohio Patrolmen's Benevolent Association.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, *Steven W. Ritz* and *Christopher J. Russ,* Assistant Prosecuting Attorneys, for appellants Gerald McFaul, Sheriff, and Cuyahoga County Sheriff's Department.

*Betty D. Montgomery,* Attorney General, and *Jack W. Decker,* Assistant Attorney General, for appellant Ohio Department of Administrative Services.

TERRENCE O'DONNELL, Judge.

Sheriff Gerald T. McFaul, the Cuyahoga County Sheriff's Department, and the Ohio Department of Administrative Services ("ODAS") appealed from a judgment of the common pleas court that granted injunctive relief to the Ohio Patrolmen's

Benevolent Association ("OPBA") and enjoined the sheriff from promoting any person to the position of deputy sergeant until after the administration of a civil service promotional examination and the establishment of a certified promotional list for those positions, and further ordered the sheriff to fill these positions using the promotional list in accordance with R.C. 124.31. Subsequent to the filing of this appeal, ODAS administered a civil service promotion examination and established a promotional list for these positions, and the OPBA and the sheriff have negotiated new provisions of their collective bargaining agreement that require the employer to maintain a current promotional eligibility list and to appoint from the rule of three on that list. The sheriff therefore filed a notice of withdrawal of appeal based on his belief that the aforesaid actions rendered this appeal moot. However, ODAS has not withdrawn its appeal, and now urges us to review the matter, which they claim is capable of repetition, yet evading review. After a thorough review of applicable law, we dismiss ODAS's appeal.

The record before us reveals that, on March 13, 2000, the sheriff petitioned ODAS for authority to provisionally fill three vacant deputy sergeant positions. ODAS approved this request on March 27, 2000, and on that same day, OPBA, the collective bargaining agent for deputy sheriffs, filed a complaint in common pleas court for injunctive and declaratory relief to prevent the promotions.

The court conducted a hearing on the matter, and on June 22, 2000, it issued an opinion and order granting the following relief:

"1. The temporary restraining order issued March 27, 2000, is dissolved and the Defendants are permanently enjoined from promoting any person to the position of Deputy Sergeant until such time as (i) the civil service promotional examination is administered to all eligible individuals in the classified service holding the rank of Deputy; and, (ii) a certified promotional list for the position of Deputy Sergeant is established in accordance with the law of the State of Ohio.

"2. At such time that certified promotional lists are established pursuant to the procedure set forth above, defendants shall promote persons to the position of deputy sergeant in accordance with R.C. § 124.31 and its accompanying regulations[.]"

The sheriff and ODAS filed a joint notice of appeal. One day prior to oral arguments, the sheriff dismissed his notice of appeal, conceding that his appeal is moot because there is no longer an actual controversy between his department and the union. ODAS urges that its appeal is not moot, asserting that it raises an issue, regarding its power to authorize provisional promotions for urgent reasons under R.C. 124.30, which is "capable of repetition yet evading review." It assigns the following assignments of error for our review:

"The court of common pleas erred when it held that R.C. § 124.30 does not apply to provisional promotional appointments.

"The court of common pleas erred when it found that no 'urgent reasons' existed for the promotions."

ODAS argues that the trial court erred when it granted the permanent injunction, maintaining that R.C. 124.30(A) empowers it to authorize provisional promotions where the hiring authority demonstrates "urgent reasons." OPBA does not directly challenge ODAS's statutory interpretation, but instead asserts that no urgent reasons existed in this case, and that the sheriff's practice is to use provisional promotions to avoid the merit promotions mandated by R.C. 124.31.

■ Initially, we note that, although ODAS disagrees, this appeal has been rendered moot by its administration of a civil service promotional examination and establishment of a certified promotional list for the deputy sergeant positions. As we stated in *State v. Bistricky* (1990), 66 Ohio App.3d 395, 397, 584 N.E.2d 75, 76:

■ "The duty of this court is to decide actual controversies between parties and to enter judgments capable of enforcement. We are not required to give mere advisory opinions or to rule on questions of law which cannot affect the matters in issue in the case before us."

■ "Ordinarily when there is no case in controversy, there will be no appellate review unless the underlying legal issue is capable of repetition yet evading review." *Adkins v. McFaul* (1996), 76 Ohio St.3d 350, 667 N.E.2d 1171. ODAS seeks a declaration from our court that R.C. 124.30(A) provides for provisional promotions where there are urgent reasons and a civil service promotional list is unavailable. Such a declaration would be strictly advisory in this case because no actual controversy remains between the parties. Moreover, the language of that statute speaks for itself.

In *Ohio Patrolmen's Benevolent Assn. v. McFaul* (Dec. 24, 1997), Cuyahoga App. No. 72458, unreported, 1997 WL 793125, where our court reviewed a similar situation involving the sheriff's attempt to use provisional promotions to fill four sergeant and eight corporal positions, we stated:

"Because we are satisfied that the civil service promotional examinations have been administered and the certified promotional lists have been established for the promotions at issue in this case, appellants are no longer enjoined from promoting persons into corporal or sergeant positions and, consequently, no actual controversy exists between these parties, regarding that issue. We are therefore unable to enter a judgment which can affect the administration of the

examinations or preparation of the eligibility lists because they exist and those issues are now moot."

■ Similarly here, the parties agree that promotional lists have been established for the position of deputy sergeant, and, therefore, the sheriff has withdrawn his notice of appeal. Notwithstanding the lack of an actual controversy, ODAS urges us to review its arguments and explicate its authority under R.C. 124.30(A), claiming that these issues are "capable of repetition, yet evading review." As the court recently explained in *State ex rel. Dispatch Printing Co. v. Louden* (1991), 91 Ohio St.3d 61, 64, 741 N.E.2d 517, 521:

"Moreover, an exception to the mootness doctrine arises when the claims raised are capable of repetition, yet evading review. This exception applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again. *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182, 1185."

In the *Calvary* case, the court stated:

■ "This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Spencer v. Kemna* (1998), 523 U.S. 1, 17–18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43, 56; see, also, *State ex rel. Beacon Journal Publishing Co. v. Donaldson* (1992), 63 Ohio St.3d 173, 175, 586 N.E.2d 101, 102–103; *State ex rel. Allstate Ins. Co. v. Gaul* (1999), 131 Ohio App.3d 419, 437, 722 N.E.2d 616, 629.

"Calvary has not established that this exception to the general mootness rule applies to her mandamus claim. Calvary has not shown that the time between submission of a tentative collective bargaining agreement to a municipal legislative authority and that authority's decision on the agreement is always so short as to evade review. * * *"

ODAS has not established that the exception to the mootness rule applies to its appeal. It has raised a colorable argument that this issue is capable of repetition throughout the state, and we recognize that the same scenario has occurred on at least two occasions involving the Sheriff of Cuyahoga County. However, ODAS has not established that the issue it now raises before our court will always be too short in duration to be fully litigated or that review of this issue will be evaded in future cases. Here, in fact, ODAS itself caused the issue to become moot by establishing the promotional list—there is no guarantee that this will always

happen in future cases. Accordingly, the limited exception to the mootness doctrine does not apply in this case.

*Appeal dismissed.*

ROCCO, P.J., and BLACKMON, J., concur.