DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Ross County Court of Common Pleas which dismissed the petition for a writ of habeas corpus filed by Petitioner-Appellant Brian Gavrilla. Gavrilla argues that, based on his understanding of former R.C. 2967.19, the warden of the Chillicothe Correctional Institution (CCI), Respondent-Appellee Michael Leonard, was wrongfully detaining him beyond his maximum term. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In April 1980, Gavrilla pled guilty to charges in two separate cases in the Cuyahoga County Court of Common Pleas: in the first case, he pled guilty to rape, a first-degree felony in violation of R.C.2907.02; in the second case, he pled guilty to two amended counts of rape, aggravated first-degree felonies also in violation of R.C. 2907.02. In both cases he was sentenced to concurrent, indefinite terms of seven to twenty-five years imprisonment.
 {¶ 3} In August 2001, Gavrilla filed a pro se petition for a writ of habeas corpus with the Ross County Court of Common Pleas. Gavrilla argued in this petition that Leonard was wrongfully detaining him because his maximum sentenced had expired. Specifically, Gavrilla maintained that, according to his understanding of former R.C. 2967.19, he had earned time off for good behavior ("good-time credit") which reduced the length of his maximum term by thirty percent, and, thus, he was then being wrongfully held beyond that term.
 {¶ 4} In response, Leonard filed a motion to dismiss Gavrilla's petition for failure to state a claim upon which relief could be granted. Leonard argued that Gavrilla had misread former R.C. 2967.19. Leonard stated that the statute only permitted prisoners to reduce theirminimum, or definite, terms by behaving well in prison. He maintained that former R.C. 2967.19 does not serve to reduce a maximum sentence.
 {¶ 5} Shortly thereafter, the trial court issued its entry agreeing with the argument Leonard set out in his motion to dismiss. Accordingly, the trial court dismissed Gavrilla's petition.
 {¶ 6} Appellant timely filed an appeal with this Court, assigning the following errors for our review.
First Assignment of Error:
 {¶ 7} "THE TRIAL COURT ERRED IN ITS STATEMENT OF THE DATE PETITIONER'S SENTENCE BEGAN TOLLING [SIC]."
Second Assignment of Error:
 {¶ 8} "THE TRIAL COURT ERRED BY IGNORING CLEAR AND UNAMBIGUOUS STATUTE [SIC] LAW AND DENYING PETITIONER HIS EARNED GOOD TIME CREDITS UNDER THAT STATUTE."
 {¶ 9} We find that the trial court was correct in adopting the argument presented by Leonard in his motion to dismiss: Gavrilla has misread former R.C. 2967.19.
 {¶ 10} In pertinent part, former R.C. 2967.19 provided that, "a person confined in a state correctional institution is entitled to a deduction from his minimum or definite sentence of thirty per cent of the sentence, prorated for each month of the sentence during which he faithfully has observed the rules of the institution." R.C. 2967.19(A).
 {¶ 11} Thus, from a plain reading of this statute, it is clear that good-time credit was only intended to reduce a prisoner's minimum, or definite, sentence, not his maximum sentence. See, e.g., State exrel. Bealler v. Ohio Adult Parole Authority, 91 Ohio St.3d 36,2001-Ohio-231, 740 N.E.2d 1100 ("[N]either former R.C. 2967.19 nor former R.C. 5145.02 reduces the maximum term of [the appellant's] indeterminate sentence. These provisions also do not entitle [the appellant] to release from prison before he serves the maximum term provided in his sentence."); accord State ex rel. Lanham v. Ohio Adult Parole Auth.,80 Ohio St.3d 425, 1997-Ohio-104, 687 N.E.2d 283; State ex rel. Johnsonv. Ohio Dept. of Rehab. Corr., 95 Ohio St.3d 70, 2002-Ohio-1629,765 N.E.2d 356. We note that this is true under both the former and current state of the law. See, generally, R.C. 2967.19; R.C. 2967.193;State ex rel. Fuller v. Wilson, 60 Ohio St.3d 67, 1998-Ohio-562,573 N.E.2d 595.
 {¶ 12} The reasoning for reducing the minimum, rather than the maximum, sentence is equally clear: the intent was to enable earlierparole eligibility, not to allow prisoners to unilaterally shorten their court-imposed sentence. See, generally, R.C. 2967.19(A). This fits perfectly with two long-standing legal principles: first, prisoners have no constitutional or inherent right to be released before the expiration of their valid sentence, see State ex rel. Blake v. Shoemaker (1983),4 Ohio St.3d 42, 446 N.E.2d 169; and, second, the decision to grant or deny parole is entirely within the discretion of the Ohio Adult Parole Authority, see State ex rel. Seikbert v. Wilkinson, 69 Ohio St.3d 489,1994-Ohio-39, 633 N.E.2d 1128.
 {¶ 13} We see no reason to address this argument further. Accordingly, we overrule Gavrilla's assignments of error and affirm the well-reasoned judgment of the Ross County Court of Common Pleas.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ROSS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
Abele, P.J.: Concurs in Judgment Only.