JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.[1] and Loc.R. 25, the records from the Cleveland Municipal Court and the briefs of counsel. In this case, defendant-appellant, Donte Harris, appeals the sentence imposed following his conviction for failing to stop after being involved in an accident on a city street.
The record reveals that appellant was issued a citation on September 11, 20011for (1) driving without a license, in violation of Cleveland Codified Ordinance (CCO) 435.01a; (2) failure to stop after an accident, in violation of CCO 435.15; and (3) illegal turn at intersection, in violation of CCO 431.10. Appellant subsequently pleaded no contest to the failure-to-stop offense, a first degree misdemeanor, and the remaining charges were nolled. From what can be gleaned from the record before us, it appears that the accident involved two other individuals, both of whom sustained injuries to themselves or their vehicles.
At the sentencing hearing held on January 10, 2002, appellant's attorney indicated that it was her understanding that there would be insurance coverage to cover the costs incurred by the two victims of the automobile accident. The trial court judge thereafter inquired as to whether appellant had anything to say. Appellant apologized for the accident but denied any illegal use of substances upon inquiry. After foregoing an order for restitution in favor of the victims' pursuit of civil remedies, the trial court sentenced appellant 180 days in jail, of which 150 were suspended, and a $1,000 fine, of which $800 was suspended. Given three days credit for jail time already served, appellant was to serve 27 days in jail and pay $200 as his fine. The trial court further ordered appellant to undergo a formal substance abuse assessment while incarcerated and to return to the court in two weeks time for purposes of review. In the journal entry prepared contemporaneously with this hearing and journalized on February 21, 2002, there is the notation no good time following a series of acronyms, several of which are unknown to this court. The transcript of the sentencing hearing, on the other hand, contains no such reference to good time.
Appellant is now before this court and assigns three errors for our review, all which challenge the court's sentencing order regarding the no good time reference.
 I.
In his first assignment of error, appellant contends that the trial court erred by imposing no good time as part of appellant's sentence when the misdemeanor sentencing guidelines make no such provision.
By its very terms, R.C. 2967.193 authorizes an incarcerated person to earn credit towards their prison terms when that person productively participates in any number of authorized programs. This credit, however, is limited to those confined in a state correctional institution, not a county jail. See R.C. 2967.193(A) and 2967.01(A); Adkins v. McFaul (1996), 76 Ohio St.3d 350, 351. Since appellant was not confined to a state correctional institution, it was error for the trial court to make any reference to good time as is authorized under R.C. 2967.193. Nonetheless, we find this error to have no effect on appellant's substantial rights as it does not alter or otherwise restrict appellant's sentence and, therefore, the error is harmless and must be disregarded by this court under Crim.R. 52(A).
Accordingly, appellant's first assignment of error is not well taken and is overruled.
 II.
Based on our discussion in Section I, we need not discuss appellant's remaining assignments of error. See App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., AND JAMES J. SWEENEY, J., CONCUR.
[1] While the traffic citation issued alleges that appellant committed these offenses on this date, the remainder of the record and the briefs of counsel refer to these offenses as being committed on September 12, 2001.