FILED

05/03/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0051

DA 21-0051

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 86N

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

MICHAEL BONACORSI,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 2020-83
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Jami L. Rebsom, Jami Rebsom Law Firm PLLC, Livingston, Montana

       For Appellee:

          Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant Attorney General, Helena, Montana

          Kendra K. Lassiter, Park County Attorney, Livingston, Montana

Submitted on Briefs:  April 6, 2022
Decided:  May 3, 2022

Filed:

                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Michael Bonacorsi appeals a December 17, 2020 judgment and order from the Sixth Judicial District Court in Park County.  Bonacorsi pleaded guilty to charges of negligent endangerment and disorderly conduct, and he argues on appeal that the District Court's sentencing conditions were unlawful.  We affirm.

¶3     Law enforcement officers arrested Bonacorsi on July 29, 2020.  They responded to a noise complaint regarding a boisterous argument between Bonacorsi and his girlfriend at his home.  Bonacorsi was noticeably intoxicated, and he urged the officers to remove his girlfriend from his home.  The girlfriend insisted on staying and offered to sleep in her car.  The officers told the belligerent Bonacorsi that they could not force his girlfriend to leave since she lived there, and after Bonacorsi entered the house and slammed the door, the officers lingered outside for a few minutes to ensure that the altercation did not continue.

¶4     As the officers conferred on the sidewalk, Bonacorsi emerged from his house wearing a bulletproof vest and carrying an AR-15 style rifle.  He was silently and quickly approaching the officers when one of them noticed and yelled repeatedly for Bonacorsi to turn around and show his hands.  Bonacorsi initially refused to comply, and then, when he

finally dropped his weapon, the officers pursued him into the backyard, tackled him, and arrested him.

¶5     The State initially charged Bonacorsi with felony assault on a peace officer. After negotiations, Bonacorsi entered a plea agreement with the State under which he would plead guilty to modified charges, one count of misdemeanor negligent endangerment and one count of misdemeanor disorderly conduct. The plea agreement deferred to the discretion of the District Court on sentencing. Under § 45-5-208, MCA, the negligent endangerment charge carried a maximum one year of imprisonment and maximum $1000 fine. Under § 45-8-101, MCA, the disorderly conduct charge carried a maximum $100 fine.

¶6     At sentencing, the District Court issued Bonacorsi a six-month sentence of incarceration for the negligent endangerment charge—with all but 20 days suspended— accompanied by an $800 fine and associated fees and costs. For the disorderly conduct charge, the District Court ordered a $100 fine with additional fees and costs. The District Court also placed conditions on the suspension of incarcerated time in Bonacorsi's sentence: during the six-month period, he had to perform 40 hours of community service, continue a remote alcohol breath test program he had begun during his pretrial release, and write letters of apology to the officers involved in his arrest. Bonacorsi appeals, and he argues that we should reverse these conditions.

¶7     This Court reviews probation conditions "under a dual standard of review: we first review de novo the legality of the probation conditions; we then review the conditions' reasonableness for abuse of discretion." *State v. Stiles*, 2008 MT 390, ¶ 7, 347 Mont. 95,

3

197 P.3d 966 (citing *State v. Brotherton*, 2008 MT 119, ¶ 10, 342 Mont. 511, 182 P.3d 88; *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, 179 P.3d 1164). The legality of a sentence is appealable regardless of whether a defendant raised an objection in district court, but other, discretionary elements of a sentence are merely objectionable. *State v. Kotwicki*, 2007 MT 17, ¶ 21, 335 Mont. 344, 151 P.3d 892; *Stiles*, ¶ 14; *Ashby*, ¶ 22.

¶8      We may reverse a statutorily authorized sentencing condition if it lacks some "nexus" to the underlying offense or offender or if it is "overly broad or unduly punitive." *State v. Bullplume*, 2013 MT 169, ¶ 18, 370 Mont. 453, 305 P.3d 753. But such an analysis falls under the abuse-of-discretion prong of our dual standard of review. *Stiles*, ¶ 13. Defendants "must object to an improper condition at or before sentencing, and [a] failure to do so may result in waiver." *Ashby*, ¶ 22.

¶9      The three conditions that the District Court placed on Bonacorsi's suspended sentence arise under a statutory provision that permits sentencing judges to impose "any reasonable restrictions or conditions during the period of the deferred imposition or suspension of [a] sentence." Section 46-18-201(4), MCA. This statute explicitly defines community service as one reasonable restriction. Section 46-18-201(4)(j), MCA. The law also lists sobriety and drug monitoring for certain alcohol- and drug-related crimes, and it contemplates "any other reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society." Section 46-18-201(4)(n), (p), MCA; *see also* § 46-18-202(1)(g), MCA (reiterating the rehabilitation standard). We have stated previously that when a defendant fails to object to conditions imposed "under the 'reasonable restrictions or conditions' relating to rehabilitation and the protection of the

4

victim and society," we will "refuse to consider [the defendant's] arguments regarding whether the offense—or offender—nexus existed." *Stiles*, ¶ 14.

¶10    Here, Bonacorsi did not object below to the conditions he now challenges on appeal. Because these conditions fall under the discretionary standard as we made clear in *Ashby* and *Stiles*, they present only objectionable issues and are insufficient to invoke this Court's review for legality. Bonacorsi waived his claims regarding these conditions by failing to object at sentencing.

¶11    In an attempt to get around this limitation, Bonacorsi makes two additional arguments. The first argument re-casts the several conditions as "part of the sentence, and not conditions of release." Although the District Court's subsequent written judgment included the repeated phrase "as a condition of his suspended time," during the sentencing hearing, the District Court judge only verbalized that Bonacorsi was "going to be required to write a letter," that the judge was "imposing community service," and that the breathalyzer testing would "continue [] in effect during the whole six month period." Bonacorsi notes our well-settled rule that when oral and written judgments conflict, only the oral judgment controls. *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9. Bonacorsi argues that because the judge's oral pronouncement did not specify that these components were conditions, we must treat them as the substantive sentence and as therefore reviewable for their legality.

¶12    But Bonacorsi's framing ignores the context of the discussion at the sentencing hearing that made the nature of the conditions obvious. The judge addressed the three conditions immediately after explaining her reasoning for suspending the vast majority of

5

the jail time and in the midst of a discussion about when, during the suspended six-month period, Bonacorsi could complete the ordered 20 days. The judge explicitly noted that the community service and the sobriety monitoring were tied to the suspended six-month time period, and the context of the discussion made abundantly clear that these conditions were not substantive, independent sentencing provisions in addition to the fines and jail time that the statutes defining the offenses provide. We recognize that "the written judgment and commitment will serve as evidence of the sentence orally pronounced." *Lane*, ¶ 40. Contrary to Bonacorsi's idea that his written judgment contradicts the oral pronouncement, the status of the conditions is actually reinforced by the fact that the subsequent written order explicitly describes the letters, community service, and sobriety testing as such. The requirements were probationary conditions subject to the legal standards described above, and as noted, Bonacorsi waived his challenges to their reasonableness by failing to object to them below.

¶13 Bonacorsi's second argument raises the Eighth Amendment to the United States Constitution and Article II, Section 22, of the Montana Constitution. These constitutional provisions prohibit cruel and unusual punishment, and Bonacorsi asks that we view the conditions like the letters of apology as so disproportionate to his offense as to be cruel and unusual. Not only does Bonacorsi fail to present a meaningful substantive argument for why letters of apology would "shock[] the conscience" or "outrage[] the moral sense of the community or of justice," but he also, again, failed to make any such objection below. *State v. Bruns*, 213 Mont. 372, 377, 691 P.2d 817, 820 (1984). As-applied constitutional challenges are waived if not preserved by objection below. *See State v. Parkhill*,

6

2018 MT 69, ¶ 16, 391 Mont. 114, 414 P.3d 1244 (discussing *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979)).

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15 The District Court's December 17, 2020 judgment and order is affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR