[Cite as *Wright v. Brice*, 2021-Ohio-2246.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Geria Wright, | : | |
| Defendant-Appellee, | : | |
| | | No. 20AP-320 |
| v. | : | (M.C. No. 20CVH-8760) |
| Village of Brice, | : | (REGULAR CALENDAR) |
| Plaintiff-Appellant. | : | |

D E C I S I O N

Rendered on June 30, 2021

**On brief:** *Isaac Wiles Burkholder & Teetor*, *LLC*, *Brian M. Zets*, and *Dale D. Cook*, for appellant.

APPEAL from the Franklin County Municipal Court

SADLER, J.

{¶ 1}   Plaintiff-appellant, Village of Brice, appeals from a judgment of the Franklin County Municipal Court dismissing the appeal of defendant-appellee, Geria Wright, from a hearing officer's finding of liability for a traffic ticket issued pursuant to appellant's speeding-camera civil-enforcement program.  For the reasons that follow, we reverse.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   The facts and procedural history of this case were set forth in the municipal court's May 7, 2020 judgment entry as follows:

> This matter came before the Court for non-oral hearing upon the traffic law violation issued on 12/13/19 pursuant to Ohio Revised Code Section 4511.096.  This is an alleged speeding violation as recorded by a photo-monitoring device.  A record of the proceedings was not made.
>
> The Notice of Violation mailed to [appellee] contains citations to sections of the Ohio Revised Code which were amended, effective July 3, 2019.  Under the former applicable code

sections, namely O.R.C., sections 4511.093 et seq., there was a process in place for contested violations to be heard by an administrative hearing officer with the right to appeal the findings of that administrative hearing to the municipal or county court with territorial jurisdiction over the issuing authority. Under the current applicable code sections, the procedure was changed to require the local authority, if a ticket is issued, to file a certified copy of the ticket with the municipal or county court with jurisdiction over the civil action. ORC, Section 4511.096. Required procedure under the O.R.C. was not followed by [appellant].

* * *

* * * The ticket mailed to [appellee] is deficient and does not comply with the current law.

* * *

In fact, according to [appellee] and the paperwork submitted, an administrative hearing was conducted, after which [appellee] came to this Court. It appears that [appellant] has completely ignored the current law, and is proceeding under the former statutes to avoid paying the filing fee at this Court, and also to continue to collect revenue illegally through a third-party vendor.

As outlined above, [appellant] is not in compliance with several provisions of the Ohio Revised Code regarding traffic law photo-monitoring devices. Based upon the foregoing, and for good cause shown, it is hereby

ORDERED and ADJUDGED that the [appellee] is found to be NOT LIABLE for the violation, and this case is hereby DISMISSED, with prejudice.

(May 7, 2020 Jgmt. Entry at 1-2.)

{¶ 3} The record in this case contains a copy of a traffic ticket issued to Christopher Wright, the owner of the vehicle appellee was operating on December 13, 2019, and a document entitled "Village of Brice Administrative Hearing Office," issued on January 22, 2020. The administrative hearing officer found appellee "[l]iable" on her plea of no contest to a violation of R.C. 4511.21 and imposed a fine of $100. (Village of Brice Administrative Hearing Office at 1.) The record also contains a municipal court form wherein appellee indicates she appeared before a "[r]epresentative" of appellant and entered a plea of no contest to the violation alleged in the traffic ticket. (Mun. Ct. Form at 1.) In this document, signed by appellee, she claimed she asked the hearing officer for leniency, but he only

lowered the fine from $125 to $100. Though a space reserved for a "Certificate of Service" appears at the bottom of the form, that portion of the form has been crossed out.

{¶ 4}    Following the issuance of the judgment entry on May 7, 2020, the municipal court clerk issued a "Notice of Court Order" to appellee, "Village of Brice c/o Brian Zets," and "John Mathys, Mayor of Brice."  (Notice of Ct. Order at 1.)  A copy of the May 7, 2020 judgment entry is attached to each notice.

{¶ 5}    Appellant timely appealed to this court from the judgment entry of the Franklin County Municipal Court.  Appellee has not participated in this appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}    Appellant assigns the following as trial court error:

> 1. The trial court erred and violated the Village's procedural due process rights by declaring its photo enforcement program unlawful without giving the Village notice and an opportunity to be heard.

> 2. The trial court erred in finding the Village's photo enforcement program unlawful without an evidentiary hearing or any evidence to support its judgment.

## III.  LEGAL ANALYSIS

### A.  Appellant's Assignments of Error

{¶ 7}    In each of appellant's assignments of error, appellant argues that the municipal court committed reversible error in concluding appellant's speeding-camera civil-enforcement system is contrary to law.  Appellant argues in support of the assignments of error that the municipal court violated its procedural due process rights.  We find, however, a jurisdictional impediment precluded the municipal court from considering the merits of appellee's administrative appeal, including the question whether appellant's speeding-camera civil-enforcement system conflicted with existing statutory law.  Thus, we agree with appellant the municipal court committed reversible error.  However, in our view, the municipal court possessed inherent authority to vacate the administrative hearing officer's finding of liability but did not have jurisdiction to issue a judgment on the merits.

{¶ 8}    "Subject-matter jurisdiction is the power conferred on a court or adjudicative body to decide a particular matter on its merits and render an enforceable judgment over the action." *Hulbert v. Buehrer*, 10th Dist. No. 16AP-474, 2017-Ohio-844, ¶ 11, citing *State ex rel. Gen. Elec. Co. v. Indus. Comm.*, 10th Dist. No. 06AP-648, 2007-Ohio-3293, ¶ 22,

citing *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. Subject-matter jurisdiction cannot be waived and may be raised at any time. *Gen. Elec. Co.* at ¶ 15, citing *State ex rel. Bond v. Velotta Co.*, 91 Ohio St.3d 418, 419 (2001). *See also Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 45; *Burkart v. Burkart*, 191 Ohio App.3d 169, 2010-Ohio-5363, ¶ 25 (10th Dist.). Furthermore, because a court cannot consider the merits of a case without subject-matter jurisdiction, it may raise the issue of subject-matter jurisdiction sua sponte. *Hulbert* at ¶ 11, citing *Foreman v. Lucas Cty. Court of Common Pleas*, 189 Ohio App.3d 678, 2010-Ohio-4731, ¶ 12 (10th Dist.); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997) (subject-matter jurisdiction "may be raised *sua sponte* by an appellate court") (emphasis sic).

{¶ 9} "A judgment rendered by a court lacking subject matter jurisdiction is void *ab initio*," and the "authority to vacate a void judgment * * * constitutes an inherent power possessed by Ohio courts." (Emphasis sic.) *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraphs three and four of the syllabus. "[A] 'judgment' issued by a court that lacks subject-matter jurisdiction is a nullity." *Deutsche Bank Natl. Trust Co. v. Finney*, 10th Dist. No. 13AP-198, 2013-Ohio-4884, ¶ 13, quoting *Patton* at 71.

{¶ 10} In *Walker v. Toledo*, 143 Ohio St.3d 420, 2014-Ohio-5461, the Supreme Court of Ohio held municipalities may, pursuant to their home-rule authority under Article XVIII of the Ohio Constitution, impose civil liability on traffic violators through the use of automated red-light cameras. *Id.* at ¶ 3. The court ruled the ordinance in that case did not unlawfully usurp the jurisdiction of municipal courts over traffic violations. *Id.* at ¶ 22-25. The court further held that municipalities' home-rule authority permitted them to establish civil administrative proceedings that must be exhausted before traffic violators may pursue judicial remedies. *Id.* at ¶ 26-28.

{¶ 11} The version of R.C. 1901.20(A)(1) that was in effect at the time *Walker* was decided did not give municipal courts exclusive jurisdiction over cases involving traffic-camera citations. *Id.* at ¶ 1-3. Following the decision in *Walker*, the General Assembly passed H.B. No. 62, which amended R.C. 1901.20 along with numerous traffic-related provisions in R.C. Chapters 4511 and 5747. As amended, R.C. 1901.20(A)(1) now states that municipal courts have "*exclusive jurisdiction* over every civil action concerning a violation

of a state traffic law or a municipal traffic ordinance." (Emphasis sic.) *State ex rel. Magsig v. Toledo*, 160 Ohio St.3d 342, 2020-Ohio-3416, ¶ 11.

{¶ 12} In *Magsig*, relator sought a writ of prohibition to prevent the city of Toledo from conducting an administrative hearing to adjudicate her liability for violating a municipal traffic ordinance. Relator argued the city patently and unambiguously lacked jurisdiction to carry out its red-light and speeding-camera civil-enforcement system because R.C. 1901.20(A)(1) expressly vested exclusive jurisdiction over non-criminal traffic-law adjudications in the municipal courts. The *Magsig* court held the city's ordinance, which permitted an administrative hearing officer to adjudicate non-criminal traffic-law violations, contravened the statute's plain language, and the city lacked authority to permit an administrative hearing officer to exercise quasi-judicial power in carrying out the city's red-light and speeding-camera civil-enforcement system. *Id.* at ¶ 8. In so holding, the *Magsig* court found as follows: "The current version of R.C. 1901.20(A)(1) clearly and unambiguously reserves for municipal courts exclusive authority to adjudicate every civil traffic-law violation. And that statutory grant of jurisdiction 'cannot be impaired or restricted by any municipal charter or ordinance provision.' " *Id.* at ¶ 11, quoting *Cupps v. Toledo*, 170 Ohio St. 144, 151 (1959). Accordingly, the Supreme Court issued the requested writ prohibiting the city of Toledo from conducting further administrative hearings because Toledo Municipal Code 313.12 contravened the plain language of R.C. 1901.20(A)(1). *Magsig* at ¶ 8.

{¶ 13} In so ruling the *Magsig* court noted:

> Toledo does not claim that the exclusive-jurisdiction clause of R.C. 1901.20(A) itself violates the Constitution. To the contrary, the authority of the General Assembly to set the jurisdiction of the municipal courts is undisputed.

*Magsig* at ¶ 16.[1]

---

[1] Subsequent appellate court decisions have held the exclusive jurisdiction clause of R.C. 1901.20(A), as enacted by H.B. No. 62, does not violate either the home rule or one-subject rule of the Ohio Constitution. *See Newburgh Hts., et al. v. State*, 8th Dist. No. 109106, 2021-Ohio-61, *appeal accepted,* 162 Ohio St.3d 1437, 2021-Ohio-1399; *Dayton v. State*, 2d Dist. No. 28818, 2021-Ohio-967. We offer no opinion regarding the constitutionality of the exclusive jurisdiction clause of R.C. 1901.20(A). The question whether other substantive provisions of H.B. No. 62 are constitutional is pending in the Supreme Court. *See Newburgh Hts.,* 2021-Ohio-1399.

{¶ 14} The reverse side of the traffic ticket issued to appellee sets forth the procedure for contesting liability, in relevant part, as follows:

> **CONTESTING THE TICKET:** The person * * * ticketed has the right to contest the ticket and right to due process. **ORC 4511.098(A)(5)** *You may contest the ticket by filing a written request for an administrative hearing to review the ticket.* The person * * * shall file the written request not later than 30 days after the receipt of the ticket. The failure to request a hearing within this time period constitutes a waiver of the right to contest the violation and ticket, and is deemed to constitute an admission of liability and waiver of the opportunity to contest the violation.

(Emphasis added.) (Dec. 13, 2019 Notice of Violation at 2.)

{¶ 15} Appellant's speeding-camera civil-enforcement system permits an administrative hearing officer to adjudicate non-criminal traffic-law violations in contravention of the plain language of R.C. 1901.20(A)(1), as amended by H.B. No. 62. Pursuant to amended R.C. 1901.20(A)(1) and the *Magsig* decision, appellant lacked authority to permit an administrative hearing officer to exercise quasi-judicial power in carrying out the speeding-camera civil-enforcement system. Thus, the administrative hearing officer who exercised quasi-judicial power in this case patently and unambiguously lacked jurisdiction to find appellant liable for the violation alleged in the ticket and impose a fine. Because the administrative hearing officer lacked jurisdiction to issue the January 22, 2020 order, the order was a nullity without legal force and effect. Accordingly, we agree with the municipal court that appellee cannot be held liable on the ticket, albeit for different reasons than those expressed by the municipal court.

{¶ 16} We nevertheless find the municipal court erred to the extent that it determined other substantive provision of appellant's speeding-camera civil-enforcement system were contrary to law. "Ohio courts have ' "inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." ' " *Green Tree Servicing LLC v. Kramer*, 193 Ohio App.3d 140, 2011-Ohio-1408, ¶ 31 (2d Dist.), quoting *Ohio Receivables, LLC v. Landlaw*, 9th Dist. No. 09CA0053, 2010-Ohio-1804, ¶ 7, quoting *Van DeRyt v. Van DeRyt*, 6 Ohio St.2d 31, 36 (1966). Reviewing courts do not, however, have jurisdiction to address the merits of an appeal from a void judgment. *See Ohio Receivables* at ¶ 7. *See also Hulbert*, 2017-Ohio-844, ¶ 12; *Foreman*, 2010-Ohio-

4731, ¶ 12; *White*, 79 Ohio St.3d at 544. " 'When an appellate court determines that the trial court was without jurisdiction, it is not proper for the reviewing court to decide the merits of the case.' " *Stancourt v. Worthington City School Dist. Bd. of Edn.*, 164 Ohio App.3d 184, 2005-Ohio-5702, ¶ 18 (10th Dist.), quoting *Eagle Fireworks, Inc. v. Ohio Dept. of Commerce*, 4th Dist. No. 03CA28, 2004-Ohio-509, ¶ 7, *appeal not allowed*, 102 Ohio St.3d 1472, 2004-Ohio-2830. *See also Perfection Graphics v. Sheehan*, 11th Dist. No. 93-G-1776 (Mar. 3, 1995) ("once an appellate court determines that the trial court was without jurisdiction to hear the merits of a case, its own jurisdiction comes to an end," and "[the appellate court] cannot review the actual merits of a decision").

{¶ 17} In this case, appellee did not invoke the municipal court's exclusive jurisdiction under R.C. 1901.20(A)(1). Rather, appellee attempted to invoke the municipal court's jurisdiction by employing an administrative appeal procedure that had been previously superseded by the amendment to R.C. 1901.20(A)(1). Under the particular circumstances of this case, we believe appellee's purported appeal should have been construed as a common-law motion to vacate a void judgment. *Green Tree Servicing* at ¶ 30 (treating a motion for reconsideration as a common-law motion to vacate a void judgment where it was filed after the trial court issued a void judgment); *Columbus, Div. of Income Tax v. Yockey*, 10th Dist. No. 19AP-559, 2020-Ohio-3290, ¶ 13 (common-law motion to vacate is the proper procedural device to challenge a void judgment after the appeal time has run). *See also Patton*, 35 Ohio St.3d at 70 ("[T]he authority to vacate a void judgment is not derived from Civ. R. 60(B), but rather constitutes an inherent power possessed by Ohio courts."). As such, the only relief the municipal court was authorized to provide appellee was a judgment vacating the hearing officer's order for the lack of subject-matter jurisdiction. *Stancourt* at 192; *Patton* at paragraphs three and four of the syllabus. The municipal court was not authorized, in ruling on appellee's motion, to pass judgment on the validity of other substantive provisions of appellant's speeding-camera civil-enforcement system. *Green Tree Servicing* at ¶ 31; *Ohio Receivables* at ¶ 7. Accordingly, to the extent that the May 7, 2020 judgment entry of the municipal court can be construed

as a declaration that appellant's speeding-camera civil-enforcement program is contrary to law, the municipal court was without jurisdiction to issue such a declaration in this case.[2]

{¶ 18} Because we agree with appellant that the municipal court committed reversible error when it ruled on the merits of appellee's administrative appeal, we sustain appellant's two assignments of error without specifically addressing the due process arguments raised therein.  The judgment of the municipal court shall be reversed, and the case shall be remanded for the municipal court to issue a new judgment vacating its May 7, 2020 judgment entry and vacating the administrative hearing officer's order for lack of jurisdiction.

## IV. CONCLUSION

{¶ 19} Having sustained appellant's two assignments of error on jurisdictional grounds, we reverse the judgment of the Franklin County Municipal Court.  This cause is remanded for the municipal court to vacate its May 7, 2020 judgment entry and issue a new judgment entry vacating the administrative hearing officer's January 22, 2020 order for lack of jurisdiction.

*Judgment reversed*;
*cause remanded with instructions.*

DORRIAN, P.J., and BEATTY BLUNT, J., concur.

_____

---

[2] "There is nothing in [R.C. 1901.18] which gives the Municipal Court the general power to render declaratory judgments or to determine the validity of an ordinance outside the exercise of its specific jurisdictional areas." *State ex rel. Foreman v. Bellefontaine Mun. Court*, 12 Ohio St.2d 26, 27-28 (1967).  Here, the municipal court did not obtain jurisdiction under R.C. 1901.20(A)(1), the specific jurisdictional area involved in this case.