[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Maxwell v. Brice*, Slip Opinion No. 2021-Ohio-4333.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-4333

THE STATE EX REL. MAXWELL *v.* THE VILLAGE OF BRICE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Maxwell v. Brice*, Slip Opinion No. 2021-Ohio-4333.]

*Prohibition—Ohio Revised Code vests exclusive jurisdiction over noncriminal traffic-law adjudications in the municipal courts—Evidence shows that village no longer conducts administrative hearings on traffic citations— Writ of prohibition denied as moot.*

(No. 2021-0056—Submitted September 21, 2021—Decided December 14, 2021.)

IN PROHIBITION.

————————————

**Per Curiam.**

{¶ 1} In this original action, relator, Alexander Maxwell, seeks a writ of prohibition to prevent respondent, the village of Brice ("the village"), from adjudicating an alleged traffic violation through an administrative hearing. On April 14, 2021, we denied the village's motion for judgment on the pleadings and

issued an alternative writ. 162 Ohio St.3d 1426, 2021-Ohio-1202, 166 N.E.3d 28. Maxwell has filed a motion to strike portions of the village's merit brief and evidence and a motion for leave to submit supplemental evidence.

{¶ 2} For the reasons set forth below, we deny Maxwell's motion to strike, grant his motion for leave to submit supplemental evidence, and deny the writ of prohibition as moot.

## I. BACKGROUND

{¶ 3} In June 2020, this court held that the Ohio Revised Code vests exclusive jurisdiction over noncriminal traffic-law adjudications in the municipal courts. *State ex rel. Magsig v. Toledo*, 160 Ohio St.3d 342, 2020-Ohio-3416, 156 N.E.3d 899, ¶ 20. We held that municipalities have no jurisdiction to conduct their own quasi-judicial adjudications of traffic violations. *Id.*

{¶ 4} On December 16, 2020, Maxwell received a "notice of violation" from the village for an alleged speeding offense. Despite our ruling in *Magsig*, the notice informed Maxwell that he could contest the citation by requesting an administrative hearing. Maxwell requested a hearing, which was scheduled for January 20, 2021.

{¶ 5} On January 13, Maxwell contacted the village and spoke with a police officer. Maxwell asked if the village intended to proceed with his hearing despite the *Magsig* decision and was informed that the village was aware of the decision but intended to continue conducting administrative hearings for traffic citations.

{¶ 6} At Maxwell's request, the hearing was rescheduled for February 17. But on January 15, the village's clerk, Karen Deberry, wrote in a letter to Maxwell that the hearing was canceled due to a possible COVID-19 exposure. Deberry informed Maxwell that the village was "unable to schedule [the] hearing in the time frame allowed by law. Therefore [the] case has been dismissed."

{¶ 7} Maxwell claims that Deberry's letter was not sent to his correct address. And he alleges that "[a]s late as February 16, the third-party

administrators" for the village had told him that his hearing was still scheduled for February 17. Maxwell requested a second continuance of the hearing but received no response to that request.

{¶ 8} Deberry avers that she wrote to Maxwell again on February 4, informing him "that his rescheduled February 17, 2021 hearing was cancelled [and] that his civil violation had been dismissed." Maxwell contends that he did not receive that letter either.

{¶ 9} The evidence in the record includes an affidavit from the village's mayor, John Mathys. In support of the village's contention that this case is moot, Mathys attests:

> The Village of Brice is no longer holding administrative hearings under its Photo Speed Division/civil citation system. And, the Village will not hold any administrative hearings, unless and until, the jurisdictional issue related to such hearings is determined on final appeal. Until then, all requests for administrative hearings made under the Village of Brice Photo Speed Division/civil citation system will be directed to the Franklin County Municipal Court.

## II. LEGAL ANALYSIS

### A. *The motion to strike*

{¶ 10} After the village filed its merit brief, Maxwell filed a motion to strike portions of the brief and the village's evidence. Specifically, he objects to the affidavit of Deberry, the letter authored by Deberry that was submitted as an exhibit, and a statement in the village's merit brief.

{¶ 11} S.Ct.Prac.R. 12.06 requires that in original actions, "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached" to the affidavit. In her affidavit, Deberry refers to the following

documents that are not attached thereto: (1) a letter from the village's third-party administrator to Maxwell, dated January 4, 2021, notifying him of his January 20 administrative-hearing date, (2) Maxwell's written request to continue the January 20 hearing, (3) a letter from the third-party administrator, dated January 15, notifying Maxwell of the rescheduled hearing date, (4) another letter from Deberry, dated February 4, informing Maxwell of the cancellation of his hearing, and (5) the village's "administrative hearing docket." Maxwell asserts that the village's omission of these documents violates S.Ct.Prac.R. 12.06 and that Deberry's affidavit should therefore be stricken in its entirety.

{¶ 12} The village admits the violations of S.Ct.Prac.R. 12.06 but disagrees with Maxwell's requested remedy. To be admissible, such affidavits must be based on the affiant's personal knowledge. S.Ct.Prac.R. 12.06; *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 15. But according to the village, because Maxwell has not challenged Deberry's personal knowledge of the events that she describes, there is no basis for striking her affidavit.

{¶ 13} S.Ct.Prac.R. 12.06 sets forth the requirements for submitting and authenticating exhibits in original actions before this court; failure to abide by the rule will result in the exclusion of the proffered exhibits. *See State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 114 Ohio St.3d 183, 2007-Ohio-3831, 870 N.E.2d 1174, ¶ 39, 41 (striking unauthenticated exhibits in an original action). But Maxwell has not cited any authority for the proposition that the failure to attach an exhibit mentioned in an affidavit disqualifies the entire affidavit. We therefore deny the motion to strike Deberry's affidavit.

{¶ 14} Next, Maxwell moves to strike the letter from Deberry informing him that his hearing was cancelled and his case dismissed because, in his view, the letter was not attached to or authenticated by Deberry's affidavit. But as Maxwell concedes, the same letter appears as an attachment to Deberry's affidavit. Maxwell contends that this makes the first copy of the letter in the record redundant, and he

asks that it be stricken on that basis. But this court will not strike extraneous materials that are not subject to the rule. *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 17 (declining to strike untimely filed materials because exhibits that do not assert any fact relevant to the case are not subject to the evidence-submission deadline). Stated differently, striking the first copy of the letter would be a vain act because Maxwell has not challenged the admissibility of the second copy. *State ex rel. Peoples v. O'Shaughnessy*, 165 Ohio St.3d 54, 2021-Ohio-1572, 175 N.E.3d 524, ¶ 11 (relief will not be granted to compel a vain act).

{¶ 15} Finally, Maxwell moves for this court to strike a portion of the village's merit brief that states, "In fact, the Village has suspended its use of the traffic law photo-monitoring device." Although the village's mayor has attested that the village is no longer conducting administrative hearings, his affidavit does not assert that the village has discontinued its use of the monitoring equipment altogether. We deny the motion because we are capable of disregarding statements that are not supported by the evidentiary record. *See State ex rel. Tam O'Shanter Co. v. Stark Cty. Bd. of Elections*, 151 Ohio St.3d 134, 2017-Ohio-8167, 86 N.E.3d 332, ¶ 11 (denying a motion to strike because this court is "capable of determining questions of relevance and assigning appropriate weight without striking evidence or arguments").

{¶ 16} For these reasons, we deny Maxwell's motion to strike.

*B. The merits of the prohibition claim*

{¶ 17} Three elements must be satisfied for a writ of prohibition to issue: (1) the exercise of judicial or quasi-judicial power, (2) the lack of authority for the exercise of that power, (3) and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.

**{¶ 18}** The village argues that this case is moot because it cancelled Maxwell's administrative hearing and dismissed his case. A case is moot when " 'without any fault of the defendant, an event occurs which renders it impossible for [a] court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever.' " *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74, 551 N.E.2d 128 (1990), quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895).

**{¶ 19}** Maxwell argues that this case is not moot because, he asserts, the traffic charge against him remains pending. Maxwell alleges that the village's notice of dismissal was defective because it was sent to the wrong address and because the village's clerk lacks the authority to dismiss the charges. But this argument misses the point: the issue in this prohibition action is not whether a traffic citation remains pending against Maxwell but whether the village intends to adjudicate that citation through its own administrative hearing. And there is no evidence in the record contradicting the village's evidence that it has ceased conducting administrative hearings for traffic citations, including Maxwell's.

**{¶ 20}** Maxwell alternatively invokes the exception to mootness for cases presenting issues of public or great general interest that are capable of repetition yet evading review. That exception applies, for example, when the relevant event or the injury to be prevented is of a brief duration. *See Adkins v. McFaul*, 76 Ohio St.3d 350, 351, 667 N.E.2d 1171 (1996) (the question whether inmates serving sentences in county jails were entitled to good-time credit evaded review due to the "relatively brief sentences" involved for persons confined in county jails). But instead of demonstrating that this case involves an issue capable of repetition yet evading review, Maxwell maintains his contention that his traffic case was not properly dismissed, arguing that his request to continue the February 17 hearing has never been ruled on and citing confusion between the village and its third-party administrator as to whether his hearing remained on the docket. These facts do not

demonstrate that any issues involved in this case will evade review. And as noted above, the administrative disposition of Maxwell's traffic-citation case is not what renders this prohibition action moot.

{¶ 21} Finally, Maxwell alleges that in order to evade this court's review of the village's procedures, the village has a practice of dismissing traffic citations when a defendant in one of those cases files a prohibition action against it. In support of this contention, Maxwell cites *State ex rel. Hatfield v. Brice*, 161 Ohio St.3d 141, 2021-Ohio-120, 161 N.E.3d 709, claiming that in that case "the Village took a shockingly similar tactic of dismissing the case after Hatfield filed suit and then argued for mootness." According to the motion for judgment on the pleadings filed by the village in *Hatfield*, it dismissed the defendant's traffic case at his request two days after he had filed his prohibition action but one day *before* the village had received service of the complaint. *State ex rel. Hatfield v. Brice*, case No. 2020-1299 (Nov. 19, 2020). In other words, it is unclear in *Hatfield* whether the village had notice of the prohibition action at the time that it dismissed the traffic citation, which allows for the possibility that the dismissal was for some other, legitimate reason. Maxwell has not shown that the village has engaged in a pattern of deliberately dismissing traffic citations in response to prohibition actions.

{¶ 22} Based on the testimony of the village's mayor that the village no longer conducts administrative hearings on traffic citations, we deny the writ of prohibition as moot.

### C. The motion for leave to submit supplemental evidence

{¶ 23} On August 23, 2021, Maxwell filed a motion for leave to submit supplemental evidence purportedly showing that the village continued to schedule administrative hearings on traffic citations after the date on which it attested it had ceased to do so. Maxwell's supplemental evidence consists of two documents, exhibit Nos. 2 and 3. Exhibit No. 2 is purportedly the village's administrative-hearing docket. And exhibit No. 3 is the affidavit of Dana Ewing-Moore, who was

cited by the village for an alleged traffic violation in April 2021. Maxwell states that he could not present this evidence sooner because he did not receive the documents in time to submit them under our rules and because the information was within the exclusive knowledge of the village.

{¶ 24} The village has not opposed the motion. We grant the motion, because doing so will not prejudice the village or delay our decision in this case. However, the admission of these exhibits does not change our determination that the case is moot. To the contrary, the new evidence supports the conclusion that the village has ceased conducting administrative hearings on traffic citations and that the case is therefore moot.

### 1. Exhibit No. 2: the administrative docket

{¶ 25} On May 4, 2021, the village's mayor executed an affidavit in which he attested that the village "is no longer holding administrative hearings under its Photo Speed Division/civil citation system." Maxwell contends that the docket sheets show that the village continued to schedule administrative hearings on traffic citations into June 2021. However, the docket sheets do not contradict the mayor's testimony.

{¶ 26} Exhibit No. 2 appears to be docket sheets from January 2020 to June 2021. And as Maxwell notes, the last two pages list hearings scheduled for June 22, 2021. However, unlike the other pages of the docket, there is no information on these pages showing the dispositions of the cases, which at least suggests that the village is no longer adjudicating them.

{¶ 27} This conclusion is also supported by the rest of the exhibit. The docket sheets indicate that the last time that the village imposed an administrative fine on a defendant was in January 2021. Thereafter, in more than 50 cases, *every* defendant's case was resolved with no financial sanction imposed, suggesting that the cases were dismissed.

{¶ 28} Maxwell suggests that even if the village did not conduct the June 2021 hearings, it is significant that the village scheduled hearings for June in the first place. He asks, "[W]hy would the Village create an administrative hearing docket for hearings that it did not intend to hold?" Maxwell assumes that the June 2021 docket sheet was created sometime after May 4, 2021 (the date of the mayor's affidavit), but he has submitted no evidence supporting that assumption. Until November 2020, the bottom right corner of each docket sheet showed the date on which it was created. But starting with the December 9, 2020 docket sheet, that information no longer appears. So, the docket sheet for the June 2021 hearings may have been generated before the village recognized that it had to discontinue the hearings.

{¶ 29} Maxwell's exhibit No. 2 does not prove his claim that the village continues to conduct administrative hearings on traffic citations. Indeed, it supports the mayor's testimony that the village has ceased doing so and that this prohibition action is moot.

### 2. Exhibit No. 3: the affidavit of Dana Ewing-Moore

{¶ 30} In exhibit No. 3, Ewing-Moore attests that she received a citation from the village dated April 20, 2021, for an alleged violation on April 11. She requested an administrative hearing and received a responsive letter from the village dated May 19, informing her that her hearing had not yet been scheduled and that she would be informed of the hearing date in the future. She avers that she has not received any further communications from the village scheduling the hearing or dismissing her citation. However, she states that on July 28, 2021, she spoke to a representative of the village's third-party administrator, who informed her that her citation "is still active and awaiting a hearing date."

{¶ 31} Ewing-Moore's affidavit fails to disprove the mootness of this prohibition action. For one thing, *Magsig* does not declare traffic citations such as that involved here invalid; it holds only that the challenges must be heard by the

municipal court and that municipalities have no jurisdiction to conduct their own quasi-judicial proceedings. 160 Ohio St.3d 342, 2020-Ohio-3416, 156 N.E.3d 899, at ¶ 20. So, Ewing-Moore is not entitled to have her traffic citation "dismissed." The statement by the third-party administrator—that her citation is still "active and awaiting a hearing date"—may suggest poor communication between the village and its third-party administrator. But it does not demonstrate that the village intends to ever proceed with her administrative hearing or anyone else's.

{¶ 32} Maxwell's exhibit No. 3 does not show that the village continues to conduct administrative hearings on traffic citations.

### III. CONCLUSION

{¶ 33} For these reasons, we deny Maxwell's motion to strike and grant his motion for leave to submit supplemental evidence. We hold that the prohibition claim is moot and therefore deny the writ.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Alexander Maxwell, pro se.

Isaac, Wiles & Burkholder, L.L.C., and Brian M. Zets, for respondent.

_____