[Cite as *State ex. rel. Woods v. DiGeronimo*, 2022-Ohio-2589.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL.,  :
WILL WOODS,

     Relator,  :  No. 111617

     v.  :

JUDGE SERGIO I. DIGERONIMO,  :

     Respondent.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** July 26, 2022

---

Writs of Procedendo or Prohibition
Motion Nos. 556125 and 556585
Order No. 556735

---

### *Appearances:*

Will Woods, *pro se.*

Hanna, Campbell & Powell, LLP, and John D. Latchney,
*for respondent.*

ANITA LASTER MAYS, J.:

{¶ 1} Relator, Will Woods, seeks writs of procedendo or prohibition directing respondent, Judge Sergio I. DiGeronimo, to proceed to judgment in a forcible entry and detainer action pending in the Garfield Heights Municipal Court.

Woods asserts that respondent stayed this action pending resolution of a motion for relief from judgment in a foreclosure action pending before the Cuyahoga County Common Pleas Court that relates to the same real property. For the following reasons, we dismiss Woods's claims for relief, finding them moot.

## I. Background

{¶ 2} According to the complaints filed on June 13, 2022,[1] Woods is the plaintiff in a forcible entry and detainer action pending before respondent in Garfield Heights M.C. No. CVG2201180. Woods sought a writ of restitution after purchasing a home, 5555 Turney Road, in Garfield Heights, at a sheriff's sale. This was the culmination of a tax foreclosure action, Cuyahoga C.P. No. CV-15-854600. The defendants in the tax foreclosure action filed a motion for relief from judgment pursuant to Civ.R. 60(B) and sought to stay the forcible entry and detainer action pending before respondent. After briefing and a hearing on the motion, respondent, on June 10, 2022, granted a stay to give the common pleas court time to rule on the motion for relief from judgment before respondent decided the forcible entry and detainer action. Woods then filed the present action three days later.

{¶ 3} On June 16, 2022, this court issued an alternative writ directing respondent to proceed to judgment or, within 14 days, show cause why the writs should not be issued. Respondent timely filed a motion to dismiss the complaint,

---

[1] Woods filed a complaint for peremptory writs of procedendo or prohibition. In the same case, he also filed a complaint for alternative writs of procedendo or prohibition, which we take as an application for alternative writ pursuant to Loc.App.R. 45(D)(2). However, we will continue to refer to both documents collectively as Woods's complaints because they were styled as such.

arguing that the present action is moot because respondent lifted the stay and ordered the clerk's office to issue a writ of restitution to Woods. On July 1, 2022, Woods filed a combined brief in opposition to the motion to dismiss and motion to strike the attachments to respondent's motion to dismiss, which respondent opposed in a combined reply brief and brief in opposition filed July 5, 2022. We denied the motion to strike in a separate order. All briefing has been completed and the case is ripe for disposition.

## II.    Law and Analysis

### A.    Standards for Writs of Procedendo and Prohibition

{¶ 4} Woods seeks writs of procedendo and prohibition. A writ of procedendo is an order from a court directing an inferior court to proceed to judgment. *State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, ¶ 7. "'A writ of procedendo is appropriate upon a showing of 'a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law.'" *Id.*, quoting *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 7, quoting *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9.

{¶ 5} A writ of prohibition may issue when a court has or is about to exercise jurisdiction that is unauthorized by law. "Three elements must be satisfied for a writ of prohibition to issue: (1) the exercise of judicial or quasi-judicial power, (2) the lack of authority for the exercise of that power, (3) and the lack of an adequate

remedy in the ordinary course of the law." *State ex rel. Maxwell v. Village of Brice*, Slip Opinion No. 2021-Ohio-4333, ¶ 17, citing *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. Generally, these extraordinary writs are issued with caution and only when relators have no other adequate remedy at law available. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 277, 28 N.E.2d 641 (1940). However, in the case of prohibition, if the respondent clearly and unambiguously lacks jurisdiction, a writ may issue regardless of other available remedies. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St. 3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

**B.    Mootness**

{¶ 6}    The Supreme Court of Ohio has set forth the following in relation to whether an action for prohibition is moot: "A case is moot when '"without any fault of the defendant, an event occurs which renders it impossible for [a] court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever."'" *State ex rel. Maxwell* at ¶ 18, quoting *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74, 551 N.E.2d 128 (1990), quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895). Further, procedendo may not be used to order the performance of an act that has already been performed. *State ex rel. Roberts v. Hatheway*, 166 Ohio St.3d 531, 2021-Ohio-4097, 188 N.E.3d 150, ¶ 6, quoting *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 279, 658 N.E.2d 273 (1996). Where a court has proceeded to judgment,

a complaint for writ of procedendo is moot because there is nothing for the court to order. *Id.*

{¶ 7} Respondent argues Woods's claims for relief are moot because respondent has lifted the stay and ordered the issuance of a writ of restitution. This is precisely the relief that Woods asked for in his complaints. The complaint for peremptory writs and complaint for alternative writs seek as relief that this court "grant a preemptory [and alternative] Writ of Procedendo or Writ of Prohibition, or any other remedy available in equity or law, and ORDER Judge Sergio I. DiGeronimo to, expeditiously, lift said stay and proceed with the [forcible entry and detainer] Cause."[2] This has occurred.

{¶ 8} Woods opposes the motion to dismiss claiming that this court may not consider the unauthenticated journal entries attached to respondent's motion to dismiss. He further argues that the reasoning behind respondent's decision is wrong, and the prohibition action is not moot as a result. In making these arguments, Woods focuses on his requests for writs of prohibition. He seems to implicitly concede that his request for writs of procedendo are moot. However, out of an abundance of caution, we will address both writs in our analysis.

{¶ 9} Woods argues that respondent is without jurisdiction to take notice of any pleading or issue raised in the common pleas court case and that such

---

[2] In paragraph 13 of the complaint for alternative writs, Woods "respectfully prays that an Alternative Writ of Procedendo or Alternative Writ of Prohibition be issued, solely if Respondent fails to immediately lift the stay and proceed with the First Cause." Respondent did so.

pleadings cannot have any impact on the forcible entry and detainer action. He claims the action is not moot as to prohibition because respondent must be prohibited from doing so in the future.

{¶ 10} Assuming Woods's arguments are correct, Woods would still not be entitled to writs of prohibition. The arguments do not go to the jurisdiction of the respondent to hear the underlying case. Evid.R. 201 establishes that a court may take judicial notice of certain adjudicative facts. Woods may be correct that respondent erred in taking judicial notice of facts or filings from another case, but that is not a question of jurisdiction. Woods's claims here amount to an assertion that respondent erred in taking judicial notice of certain things. "Prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within its jurisdiction." *State ex rel. Messer v. Colaluca*, 8th Dist. Cuyahoga No. 99792, 2013-Ohio-3920, ¶ 7, citing *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 90 N.E.2d 598 (1950). *See also State ex rel. Merion v. Court of Common Pleas*, 137 Ohio St. 273, 277, 28 N.E.2d 641 (1940) (A writ of prohibition "cannot be invoked to circumvent an erroneous decision on questions within the jurisdiction of the lower court or tribunal.").

{¶ 11} Respondent does not patently and unambiguously lack jurisdiction. Woods has an adequate remedy at law by way of appeal, precluding relief in prohibition. *State ex rel. Huntington Natl. Bank v. Kontos*, 145 Ohio St.3d 102, 2015-Ohio-5190, 47 N.E.3d 133, ¶ 17.

{¶ 12} Woods also argues that this court may not consider the journal entries attached to respondent's motion to dismiss. Woods is generally correct that a court may not consider additional evidence outside the complaint when deciding a motion to dismiss. *State ex rel. W. v. McDonnell*, 139 Ohio St.3d 115, 2014-Ohio-1562, 9 N.E.3d 1025, ¶ 14, citing *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). However, Woods is incorrect that this court may not consider additional evidence attached to the motion to dismiss when deciding questions of mootness in an original action.

{¶ 13} The Supreme Court of Ohio has held that a court may examine extrinsic evidence when determining whether an original action is moot. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 159 Ohio St.3d 47, 2020-Ohio-354, 146 N.E.3d 573, ¶ 5-6. In original actions, appellate courts may also take judicial notice of the filings in dockets that are publicly available over the internet when deciding questions of mootness. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516. *Accord Lundeen v. Turner*, 8th Dist. Cuyahoga No. 109240, 2020-Ohio-274, ¶ 4, fn. 1; *State v. Chairperson of the Ohio Adult Parole Auth.*, 2018-Ohio-1620, 96 N.E.3d 303 (10th Dist.). Therefore, even if the entry was not attached to respondent's motion to dismiss, we may consider the respondent's June 28, 2022 journal entry issued in the forcible entry and detainer action because it is publicly available on the Garfield Heights Municipal Court's website. The other attachment is irrelevant to the determination of whether Woods's complaints are moot.

{¶ 14} According to the June 28, 2022 journal entry respondent issued in the forcible entry and detainer action, the stay has been lifted and respondent has ordered the clerk of courts to issue a writ of restitution to Woods. This is the relief that Woods has requested in his complaints. As such the action is moot. Therefore, there is nothing for this court to order respondent to do or not in accordance with the specific requests for relief in Woods's complaints. Woods's requests for relief have been satisfied in their entirety.

{¶ 15} Accordingly, respondent's motion to dismiss is granted. Costs assessed against respondent; costs waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 16} Complaints dismissed.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR